**In re Albert L. CHAPMAN, Debtor.**

**Albert L. CHAPMAN and John Boyajian, Trustee, Plaintiffs,**

v.

**The FAIRFAX FAMILY FUND, INC., Defendant.**

**Bankruptcy No. 74–391.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 20, 1983.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., for plaintiffs.

James E. Keeley, Providence, R.I., Hinckley & Allen, Providence, R.I., for defendant.

DECISION GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The plaintiffs (the debtor and the trustee) have moved for partial summary judg-

ment on the allegations contained in paragraph 6(d) of Count I of their amended counterclaim, and defendant Fairfax Family Fund, Inc. (Fairfax) objects. The relevant allegation of the amended counterclaim is that Fairfax violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* and Regulation Z, 12 C.F.R. Part 226, in that defendant "failed to state and itemize the components of the finance charge" in connection with a 1974 loan transaction.

Fairfax does not contend that this allegation is without merit,[1] nor does it disagree with the trustee's argument that the failure to itemize each component of the finance charge violates Regulation Z, 12 C.F.R. § 226.8(d)(3), as this section required at the time of the loan in question. Fairfax's objection to the plaintiffs' motion is based on two arguments: (1) that the Court erred in 1976 when it allowed the plaintiffs to amend their counterclaim "to take advantage of developing case law", and (2) that the Court should apply the 1980 Truth in Lending Simplification and Reform Act retroactively to this 1974 loan, and that under the 1980 Act, "a creditor is not required to disclose the components of the finance charge." Defendant's Memorandum in Support of Amended Objection to Motion for Partial Summary Judgment at 2.

With respect to Fairfax's first contention, the Court on June 28, 1976, held a hearing on the plaintiffs' motion for leave to file an amended counterclaim alleging various truth-in-lending violations by Fairfax. Memoranda were filed by the parties, and on September 27, 1976, over Fairfax's objection, an order was entered allowing the plaintiffs to file an amended counterclaim. We see no reason to reopen this issue seven years later. In any event, however, Fairfax's contention that the plaintiffs' case has benefited from developing case law in the long interval between the 1974 loan and the 1983 hearing and memo-

randa appears to be factually inaccurate. As the plaintiffs noted in their Supplemental Memorandum, four of the five Federal Reserve Board Opinion Letters cited in the plaintiffs' original Memorandum of Law in Support of Motion for Partial Summary Judgment had been published prior to the 1974 loan transaction. The plaintiffs also correctly state that

> the case of *Johnson v. Associates Finance Incorporated,* 369 F.Supp. 1121 (S.D.Ill. 1974), which stands for the proposition that even if there is only one component in the finance charge it must be further described, was decided prior to the filing of the Truth in Lending complaint. The other cases and the one other Federal Reserve Board Letter [cited in the plaintiffs' prior memorandum] did not in any way develop or change the existing law.

Plaintiffs' Supplemental Memorandum at 2.

Applying somewhat the same reasoning to its second argument, Fairfax also contends that it is inequitable to allow the plaintiffs' amendment without allowing Fairfax to benefit from changes effected by the 1980 Truth in Lending Simplification and Reform Act. Fairfax argues that a 1981 Supreme Court decision, *Anderson Bros. Ford v. Valencia,* 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783, supports the proposition that the 1980 Act "should be considered by the Court in determining whether a cause of action exists for an alleged violation occurring prior to the date of the statutory changes." Defendant's Memorandum at 3. In *Anderson Bros. Ford, supra,* the majority (in a 5–4 decision) focused on the issue "whether . . . an assignment of unearned insurance premiums must be disclosed as a 'security interest' under the TILA." 452 U.S. at 211, 101 S.Ct. at 2270. Holding that the Truth in Lending Act failed to define "security interest," the majority looked for clarification to the 1980 Act, its legislative history, and

---

1. Defendant Fairfax filed an answer to plaintiffs' amended counterclaim on October 15, 1976, in which Fairfax denied the allegations in Section 6 of Count I of the counterclaim. It is only subsection 6(d) which is at issue in the motion for partial summary judgment. Neither at the September 6, 1983 hearing on this matter nor in its memorandum in support of its objection to partial summary judgment did Fairfax assert that the allegations contained in subsection 6(d) of plaintiffs' amended counterclaim are without foundation.

new regulations and proposed interpretations issued by the Federal Reserve Board. The extent to which the majority would apply any provisions of the 1980 Act retroactively is unclear. The position of the four dissenting Justices is not ambiguous on this point, however. "There is no suggestion [in the majority opinion] that the new statute [*i.e.,* the 1980 Act] applies retroactively, and there could not be." 452 U.S. at 231, 101 S.Ct. at 2280 (Stewart, J., dissenting). Furthermore, "invoking the Truth in Lending Simplification and Reform Act of 1980 to help . . . discover the meaning of the TILA, which was enacted 12 years earlier," is an "attack on established principles of statutory construction." 452 U.S. at 230, 101 S.Ct. at 2279 (Stewart, J., dissenting). We conclude that *Anderson Bros. Ford* does not support the contention that the 1980 Truth in Lending Simplification and Reform Act is retroactive, and hold that it is not the 1980 Act, but the statutes and regulations in effect at the time of the 1974 loan that determine whether a violation occurred.

Since Fairfax does not dispute the plaintiffs' contention that its failure to itemize the components of the finance charge[2] violates Regulation Z, 12 C.F.R. 226.8(d)(3), as that section read in 1974, there is no genuine issue of material fact, and the proceeding is "ripe for summary disposition." *United Nuclear Corp. v. Cannon,* 553 F.Supp. 1220, 1226 (D.R.I.1982); *see* Bankruptcy Rule 7056; Fed.R.Civ.P., Rule 56. Having determined that Fairfax's various objections are without merit, and that a violation of Regulation Z, 12 C.F.R. § 226.-8(d)(3) exists, the plaintiffs' motion for partial summary judgment is granted. 15 U.S.C. § 1640(a) requires that damages be assessed. Because twice the amount of the finance charge of $575.72 exceeds $1,000, damages are limited to $1,000, 15 U.S.C. § 1640(a)(2)(A)(i), plus costs and reasonable attorney's fees, § 1640(a)(3).

The plaintiffs shall submit an application for counsel fees and costs within ten days.

Enter judgment accordingly.

**2.** On the "Statement of Loan" given to the debtor, a Finance Charge of $575.72 is listed. Fairfax admits that the two components of that figure are $550.96 in interest, and $24.76 for credit life insurance. The $550.96 item is not listed on the Statement of Loan.